UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

GEORGE HEATH,

                      Plaintiff,                      **MEMEORANDUM & ORDER**
                                                                           18-CV-3957 (MKB)

                      v.

D'AGOSTINO & ASSOCIATES, P.C.,

                      Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff George Heath, proceeding *pro se*, commenced the above-captioned action on July 10, 2018, against Defendant D'Agostino & Associates, P.C. and Lenora LaNier,[1] asserting claims pursuant to 42 U.S.C. § 1983, for "false accusations and a civil takeover," and for intentional infliction of emotional distress pursuant to state law. (Compl., Docket Entry No. 1.) Defendant is a law firm that appears to have represented Plaintiff in a civil proceeding against the New York City Human Resources Administration (the "HRA"). (*Id.* ¶ 9.) Plaintiff alleges that, although he and the HRA agreed to a settlement, he never received the proceeds of that settlement. (*Id.* ¶ 10.) He seeks $95 million in damages from Defendant for allegedly conspiring with the HRA and "the judiciary" to deny Plaintiff his "demand" to the settlement amount. (*Id.* ¶¶ 13, 31.) Currently before the Court is Defendant's motion to dismiss. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 16; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 17.) For the reasons set forth below, the Court grants Defendant's motion.

---

     [1] On January 15, 2019, Plaintiff filed a motion to amend the Complaint "withdrawing Lenora LaNier as a defendant." (Mot. to Amend/Correct/Supplement, Docket Entry No. 32.) On January 17, 2019, the Court granted Plaintiff's request. (Order dated Jan. 17, 2019.)

## I. Background

On or about April 9, 2009, Plaintiff "hired" the HRA to "share with him in the daily care of his mentally disabled mother."[2] (Compl. ¶ 9.)

In 2011 and 2013, the HRA "caus[ed] serious . . . injury to [Plaintiff's mother]," and, pursuant to the power of attorney that he held for his mother, Plaintiff retained Defendant to "file a complaint to redress [these] injuries." (*Id.*) On October 7, 2014, the parties reached a settlement agreement; the HRA "agreed to provide a monetary settlement . . . within four to seven weeks" (the "Settlement Agreement"). (*Id.* ¶ 10.) On October 8, 2014, Plaintiff signed the Settlement Agreement. (*Id.*) Plaintiff alleges that Defendant "refus[ed] to submit [the Settlement Agreement] along with necessary documentation . . . in a timely manner if at all." (*Id.*)

In March of 2015, Plaintiff's mother passed away. (*Id.* ¶ 11.) Plaintiff alleges that Defendant then "solicit[ed]" LaNier, his "[mother's] daughter[,] . . . to file a fraudulent petition in Surrogate's Court of Kings County for an administrative position of [his mother's] . . . estate." (*Id.*) Plaintiff alleges that the petition was filed "on the . . . pretext that HRA would blatantly violate [P]laintiff's monetary entitlement [pursuant to the Settlement Agreement] by paying LaNier." (*Id.*)

According to Plaintiff, Defendant "induced state and federal courts to cover-up [its] . . . fraud by influencing the judiciary to deny [P]laintiff's legitimate and persistent constitutional

---

[2] The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order. Because Plaintiff is proceeding *pro se*, the Court also considers and assumes the truth of the factual allegations in Plaintiff's affidavit filed in opposition to Defendant's motion. (*See* Pl. Aff. in Opp'n to Def. Answer and Mot. ("Pl. Aff."), Docket Entry No. 29); *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

demand over a four-year period for retroactive relief [pursuant to the Settlement Agreement] going to October 7, 2014." (*Id.* ¶ 13.) Plaintiff alleges that "at all times relevant to this action" Defendant has acted as an "Officer[] of the Court . . . as legal attorneys of the City of New York, and [was] employed by [P]laintiff while acting under color of State and Federal law." (*Id.* ¶ 7.) Plaintiff seeks $95 million in damages. (*Id.* ¶ 31.)

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to

construe a pro se complaint liberally").

### b. Plaintiff fails to state a section 1983 claim

Defendant argues that the Court should dismiss Plaintiff's section 1983 claim because Defendant is not a state actor or private party acting under color of state law. (Def. Mem. 8.) In support, Defendant argues that having a license to practice law does not render a private individual a state actor pursuant to section 1983, and the Complaint is devoid of any allegations that Defendant conspired with any state actor to deprive Plaintiff of his constitutional rights. (*Id.* at 9.)

Plaintiff argues that Defendant acted under color of state law as an "Officer of the Court," (Compl. ¶ 7), and "transform[ed] [its] position [as] private attorneys into that of State Officials" by conspiring with the HRA to deprive Plaintiff of his constitutional rights, (Pl. Aff. in Opp'n to Def. Answer and Mot. ("Pl. Aff.") ¶ 3, Docket Entry No. 29 (emphasis omitted)).

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes

4

from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

"To act under color of state law or authority for purposes of section 1983, the defendant must 'have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)); *see United States v. Walsh*, 194 F.3d 37, 50 (2d Cir. 1999). However, "[a] private individual may be said to have acted 'under color of state law,' and thus may be held liable under § 1983, if he has conspired with state officials, that is, that he 'somehow reached an understanding' with state officials, or was a 'willing participant in joint activity with the State or its agents.'" *D'Agostino v. N.Y.S. Liquor Auth.*, 913 F. Supp. 757, 770 (W.D.N.Y. 1996) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), *aff'd*, 104 F.3d 351 (2d Cir. 1996).

Plaintiff fails to state a section 1983 claim because he does not allege facts from which the Court could conclude that Defendant acted under color of state law. Plaintiff's argument that Defendant acted under color of state law by virtue of its attorneys' role as "Officers of the Court," (Compl. ¶ 7), is misplaced. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Prince v. Jelly*, No. 17-CV-1284, 2017 WL 5574273, at *3 (D. Conn. Nov. 20, 2017) ("[I]t is well-established that . . . attorneys performing a lawyer's traditional functions as counsel . . . do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 65–

66 (2d Cir. 1997))); *Morpurgo v. Inc. Village of Sag Harbor*, 697 F. Supp. 2d 309, 338 (E.D.N.Y. 2010) ("Courts in the Second Circuit 'have held that litigants and lawyers are not clothed with the state's authority because they are using the state's judicial process or because they are officers of the court." (alterations omitted) (quoting *Srubar v. Rudd*, 875 F. Supp. 155, 163 (S.D.N.Y. 1994)); *Grant v. Hubert*, No. 09-CV-1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) ("It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law.").

In addition, Plaintiff does not state any facts from which the Court could conclude that Defendant acted under color of state law by "conspir[ing] with state officials." *D'Agostino*, 913 F. Supp. at 770. Plaintiff's allegations that Defendant conspired to "deprive [P]laintiff of his constitutional rights . . . and took numerous overt steps in furtherance of such conspiracy," (Compl. ¶ 16), are conclusory and insufficient to state a claim. *See Allen v. Antal*, 655 F. App'x 9, 14 (2d Cir. 2016) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." (quoting *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993))); *Jae Soong Lee v. Law Office of Kim & Bae, PC*, 530 F. App'x 9, 9 (2d Cir. 2013) ("A 'conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.'" (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002))). Accordingly, the Court dismisses Plaintiff's section 1983 claim. *See Schindler v. French*, 232 F. App'x 17, 19 (2d Cir. 2007) (agreeing with the district court that the plaintiff "failed to sufficiently allege that defendant . . . acted under color of state law through some relationship with, or authority vested by, the State"); *Tornheim v. Eason*, 175 F. App'x 427, 429 (2d Cir. 2006) (affirming dismissal of the plaintiff's section 1983 claim because the plaintiff failed to

allege facts showing that the defendant's actions were "the product of a plan, prearrangement, or conspiracy with a state official to deprive the plaintiff" of his rights).[3]

### c. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims for "false accusations and civil takeover" and intentional infliction of emotion distress

Plaintiff asserts claims for "false accusations and civil takeover" and intentional infliction of emotional distress. (Compl. ¶ 20.) To the extent that Plaintiff's claim for "false accusations and civil takeover" asserts a claim for defamation, this claim arises under state law. *See Harris v. Doe*, No. 17-CV-7256, 2018 WL 1997976, at *2 (E.D.N.Y. Apr. 27, 2018) ("[T]here is no federal cause of action for defamation because it is an issue of state law, not of federal constitutional law" (quoting *Singletary v. Chalifoux*, No. 13-CV-4205, 2013 WL 5348306, at *2 (E.D.N.Y. Sept. 23, 2013) (internal quotation marks omitted))). Similarly, Plaintiff's claim for

---

[3] In addition, to the extent that Plaintiff seeks to allege claims pursuant to the First, Fifth, and Fourteenth Amendments, (Compl. ¶ 15), those claims are dismissed because they cannot be brought against a private actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("[T]he Fourteenth Amendment . . . applies to acts of the states, not to acts of private persons or entities."); *D.L. Cromwell Invs., Inc. v. NASD Reg., Inc.*, 279 F.3d 155, 161 (2d Cir. 2002) ("[T]he Fifth Amendment restricts only governmental conduct."); *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996) ("It is axiomatic that the First and Fourteenth Amendments, and § 1983, apply only to state actors."); *Hotel Emps. & Restaurant Emps. Union, Local 100 of N.Y., N.Y. & Vicinity, AFL CIO v. City of N.Y. Dep't of Parks & Rec.*, 311 F.3d 534, 543 (2d Cir. 2002) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government."); *United States v. Ferguson*, No. 06-CR-137, 2007 WL 4240782, at *3 (D. Conn. Nov. 30, 2007) ("Only state actors . . . can violate a defendant's Fifth Amendment rights.").

Further, to the extent that Plaintiff seeks to allege a claim for conspiracy pursuant to 42 U.S.C. § 1985, (Compl. ¶ 1), this claim is dismissed because, as explained above, Plaintiff fails to adequately plead the existence of a conspiracy. *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) ("In order to maintain an action under [s]ection 1985, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end.'"); *K.D. ex. rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013) (stating that "[t]o withstand a motion to dismiss a § 1983 or § 1985(3) conspiracy claim, a plaintiff must provide some factual basis supporting a meeting of the minds" (citation and internal quotation marks omitted)).

intentional infliction of emotional distress is a state law claim. *See Awan v. Kazoleas–Awan*, No. 16-CV-6423, 2017 WL 374726, at *2 (E.D.N.Y. Jan. 25, 2017) (explaining that intentional infliction of emotional distress "arises under state tort law"); *Arya v. Ensil Tech. Servs., Inc.*, No. 12-CV-925S, 2012 WL 6690326, at *3 (W.D.N.Y. Dec. 19, 2012) ("[D]efamation[] and intentional infliction of emotional distress . . . [are] state law claims."); *Domin v. Pace Univ.*, No. 09-CV-5240, 2010 WL 11597974, at *2 (S.D.N.Y. Jan. 7, 2010) (declining to exercise supplemental jurisdiction over the plaintiff's intentional infliction of emotional distress claim, one "aris[ing] under New York State law").

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction."); *see also All. of. Auto. Mfrs., Inc., v. Currey*, 610 F. App'x 10, 14 (2d Cir. 2015) (holding that it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's federal claims); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (alteration in original) (quoting *Castellano v. Bd. of Trs.*, 937 F.3d 752, 758 (2d Cir. 1991))).

### d. Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Plaintiff's amended complaint should include any factual allegations that Plaintiff believes demonstrate that Defendant conspired with state actors to deprive him of his constitutional rights. If Plaintiff files

an amended complaint, he may reassert his state law claims. Plaintiff must include any and all allegations that he wishes to pursue in his amended complaint, as it will completely replace the original Complaint. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.

### III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's section 1983 claim and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. If Plaintiff fails to file an amended complaint within thirty (30) days, the Court will dismiss this action.

Dated: June 14, 2019
      Brooklyn, New York

                                    SO ORDERED:

                                        s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge